IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ROCK HILL DIVISION

| | |
|---|---|
| Elrica J. Brown, ) | |
| ) | C/A No. 0:06-1721-JFA-BM |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Michael J. Astrue, Commissioner of ) | **ORDER** |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for review of the magistrate judge's report and recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a):

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a <u>de novo</u> determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The plaintiff, Elrica J. Brown, brings this action pursuant to 42 U.S.C. § 405(g) to

obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her claims for disability benefits.

I.     Procedural History

The plaintiff applied for Disability Insurance Benefits (DIB) on June 25, 2003, alleging disability since August 16, 2002, from anxiety, depression, acid reflux disease, compulsive disorder, hallucinations and crying spells. Her claim was denied initially and on reconsideration. The Administrative Law Judge (ALJ) held a hearing on October 19, 2005, and issued a decision on January 6, 2006, concluding that plaintiff was not disabled. Upon denial by the Appeal's Council of the plaintiff's request for review of the ALJ's conclusion, the ALJ's decision became the final decision of the Commissioner. Plaintiff thereafter filed this action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner.

The United States Magistrate Judge to whom this matter was referred filed a detailed and comprehensive Report on June 18, 2007. The Magistrate Judge recommended that the Commissioner's decision be affirmed.

The parties were advised of their right to file specific written objections to the Magistrate's Report. The plaintiff filed her objections on July 5, 2007. The Commissioner has not responded to those objections; however, the matter now appears ripe for review.

II.    Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3),

limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's findings and (2) whether the findings were reached through application of the correct legal standard. Craig v. Chater, 76 F.3d 585, 589 (1996) (citing Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938); it is "more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F. 2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157, 1157 (4th Cir. 1971). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972) (citation omitted).

"From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

An individual is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

3

expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416(i)(1); § 1382c(a)(3)(A).

III.     Discussion

In her objections, plaintiff claims the Magistrate Judge failed to adopt the opinions of Dr. Roger Davis as controlling pursuant to the "treating physician's rule." Plaintiff claims that Dr. Davis's opinions with regard to her work limitations should have been adopted and given controlling weight pursuant to CFR 404.1527(b)(2). The Magistrate found proper the ALJ's decision to disregard Dr. Davis's opinions because he concluded they were based upon plaintiff's subjective complaints and the doctor's own notes did not support the degree of limitations set forth in his opinions. Plaintiff argues that there was objective evidence contained in Dr. Davis's notes to support his opinions. Additionally, plaintiff argues that the ALJ gave more weight than deserved to the opinions of her treating nurse, Marianne McIver, RN, CNS.

After a review of the record, the court finds that substantial evidence supports the Commissioner's decision to deny benefits.

If a treating physician's opinion concerning the nature and severity of a claimant's impairment is not consistent with substantial evidence in the case record and is not well supported by clinical and laboratory diagnostic techniques, the Commissioner may accord that opinion less weight. 20 C.F.R. § 404.1527(d)(2)(2005). See also Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)(finding by negative implication that "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence,

4

it should be accorded significantly less weight.").

Although the ALJ determined that plaintiff's limitations rendered her unable to perform any of her past relevant work, the ALJ rejected Dr. Davis's opinion that these limitations were disabling and instead found that plaintiff had the residual functional capacity to perform a limited range of medium work. The ALJ relied on the vocational expert's testimony that there were several jobs an individual with such restrictions could perform. The ALJ was not required to accept the treating physician's opinions that plaintiff was disabled. The ultimate issue of disability is an issue reserve to the Commissioner. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001); see also Craig, 76 F.3d 585, 590 (4th Cir. 1996); 20 C.F.R. § 416.927(e)(1); SSR 96-5p (statements that a claimant is "disabled" or "unable to work" are addressed to administrative findings that are reserved to the Commissioner, and are not entitled to controlling weight or special significance).

The court has reviewed plaintiff's medical records and finds the notes and opinions of the examining physicians, not including Dr. Davis's opinion, provide substantial evidence to support the residual functional capacity found by the ALJ. The court finds proper the ALJ's decision to reject Dr. Davis's opinions because a review of the record reveals his opinions were based upon plaintiff's subjective complaints. Further, the doctor's notes do not support the degree of limitations set forth in his opinions, especially when viewed in light of the remainder of evidence contained in plaintiff's medical records. The court is unable to find any reversible error in the ALJ's consideration of the medical records, including his determination to give little weight to Dr. Davis's opinion of plaintiff's disability.

5

Further, the court rejects plaintiff's argument that the ALJ gave more weight than deserved to the opinions of Nurse McIver. Specifically, 20 C.F. R. § 404.1513(d) provides that in addition to evidence from licensed physicians, the Social Security Administration may also use evidence from other sources, such as nurse practitioners, to show the severity of a claimant's impairments and how it affects one's ability to work. Nurse McIver's notes provide detailed observations from when she began seeing plaintiff on October 2, 2002, shortly after plaintiff claimed her disability began. The court's review of the record does not reveal the ALJ placed an undue emphasis on the opinions of Nurse McIver.

Because there is substantial evidence that supports the Commissioner's decision that plaintiff was not disabled within the meaning of the Act, the Commissioner's decision must be affirmed.

IV.    Conclusion

After a thorough and careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, the court finds the Magistrate's Report provides an accurate summary of the facts and law in the instant case. The court adopts the Report of the Magistrate Judge and incorporates it herein by reference. Plaintiff's objections are overrueld. For the reasons set out hereinabove and in the Report of the Magistrate Judge, the Commissioner's final decision denying benefits is affirmed.

IT IS SO ORDERED.

September 4, 2007                                  s/ Joseph F. Anderson, Jr.
Columbia, South Carolina                           United States District Judge